

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

RICHIE LOUIS KRASE,                    §
                                       §
            Movant,                    §
                                       §
VS.                                    §   NO. 4:20-CV-273-A
                                       §   (NO. 4:17-CR-198-A)
UNITED STATES OF AMERICA,              §
                                       §
            Respondent.                §

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of movant, Richie

Louis Krase, to vacate, set aside, or correct sentence pursuant

to 28 U.S.C. § 2255. The court, having considered the motion and

memorandum in support, the government's response, the reply, the

record, including the record in the underlying criminal case,

No. 4:17-CR-198-A, styled "United States v. Brandon Dean Roddam,

et al.," and applicable authorities, finds that the motion

should be denied.

I.

Underlying Proceedings

On September 20, 2017, movant was named along with others

in an indictment charging him with conspiracy to possess with

intent to distribute 500 grams or more of a mixture and

substance containing a detectable amount of methamphetamine, in

violation of 21 U.S.C. § 846. CR Doc.[1] 88. On October 25, 2017,
movant was named in a superseding information charging him with
conspiracy to possess with intent to distribute more than 50
grams of a mixture and substance containing a detectable amount
of methamphetamine, in violation of 21 U.S.C. § 846. CR Doc.
130.

On November 1, 2017, movant and his attorney appeared
before the court with the intent to enter a plea of guilty to
the offense charged in the superseding information. CR Doc. 152.
Movant and his attorney signed a factual resume setting forth
the elements of the offense, the maximum penalty movant faced,
and the stipulated facts supporting movant's guilt. CR Doc. 154.
Movant and his attorney also signed a waiver of indictment. CR
Doc. 153. Under oath, movant stated that no one had made any
promise or assurance of any kind to induce him to plead guilty.
Further, movant stated his understanding that the guideline
range was advisory and was one of many sentencing factors the
court could consider; that the guideline range could not be
calculated until the presentence report ("PSR") was prepared; the
court could impose a sentence more severe than the sentence
recommended by the advisory guidelines and movant would be bound

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:17-CR-198-A.

by his guilty plea; movant was satisfied with his counsel and had no complaints regarding his representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts were true.[2]

The probation officer prepared the PSR, which reflected that movant's base offense level was 36. CR Doc. 181 ¶ 23. He received a two-level increase for possession of a dangerous weapon, id. ¶ 24, and a two-level increase for importation from Mexico. Id. ¶ 25. Movant received a two-level and a one-level reduction for acceptance of responsibility. Id. ¶¶ 31, 32. Based on a total offense level of 37 and a criminal history category of VI, movant's guideline imprisonment range was 360 months to life. Because the statutory maximum sentence was 40 years, the guideline imprisonment range became 360 to 480 months. Id. ¶ 115. Movant filed objections to the PSR, CR Doc. 189, and the probation officer prepared an addendum, rejecting the objections. CR Doc. 202.

Movant's sentencing hearing began on April 6, 2018. CR Doc. 239. The court accepted one of movant's objections to the PSR, determining that movant should be held accountable for only one

---

[2] The court follows the same procedure in each case in which a plea is entered.

kilogram of methamphetamine instead of multiple kilograms that Shanda Hawkins attributed to him and that the probation officer should make recalculations. CR Doc. 263 at 46-47. The probation officer prepared a second addendum to the PSR. CR Doc. 259. Holding movant accountable for only 1.62 kilograms of methamphetamine led to a base offense level of 32, rather than 36. Id. ¶ 23. Consequently, the guideline range became 235 to 293 months. Id. ¶ 115.

On May 25, 2018, the court concluded the sentencing hearing. Even though movant had not filed any objections to the second addendum and the court had previously overruled his objections, movant stated his intent to persist in the objections to the enhancement for the weapon and for importation. However, when advised that he would have to present evidence to support his objections and that he might lose acceptance of responsibility if he testified falsely, movant decided not to testify and, instead, to rest on his earlier objections. CR Doc. 279 at 6-7. Movant was sentenced to a term of imprisonment of 250 months. CR Doc. 268. Movant appealed, CR Doc. 270, and his judgment and sentence were affirmed. United States v. Krase, 772 F. App'x 136 (5th Cir. 2019).

II.

Grounds of the Motion

4

Movant asserts four grounds in support of his motion, restated in his memorandum as follows:

> Ground One   Ground One argues that Defense Counsel's failure to seek a Mitigating Role Adjustment had a prejudicial affect on two sentencing guidelines – to wit: USSG 2D1.1(b)(5) and USSG 3B1.2 – application on [movant's] Sentence.

Doc.[3] 3 at 1.

> Ground Two   Defense Counsel was Ineffective during Sentencing Phase when counsel failed to request a 2 level adjustment pursuant to USSG 2D1.1(b)(5).

Id. at 8.

> Ground Three   Counsel's representation during Sentencing and on Direct Appeal, was Ineffective pursuant to Strickland.

Id. at 10.

> Ground Four   Counsel was ineffective when he failed to object to the altered statements in the PSR.

Id. at 18.

III.

Standards of Review

A.   28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S.

---

[3] The "Doc.___" reference is to the number of the item on the docket in this civil case. Doc. 3 is the memorandum in support of the motion. The motion itself, Doc. 1, simply recites that the grounds are ineffective assistance and refers to the memorandum in support.

5

152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

6

B.   Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making

7

conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

In his first and second grounds, movant argues that his counsel was ineffective because movant should have received a reduction for being a minor or minimal participant in the drug conspiracy. If he had qualified for that reduction, he would not have been subject to the two-level increase for importation from Mexico.

The burden is on movant to show the culpability of the average participant in the criminal activity, and that he was substantially less culpable than such average participant. United States v. Castro, 843 F.3d 608, 613 (5th Cir. 2016). Movant has not made that showing here. He simply makes conclusory allegations that his attorney should have done better. But just because a defendant does less than other participants is not enough to entitle him to a reduction; he must show that he did so little that he was at best peripheral to the advancement of the illegal activity. Id. In other words, even assuming that movant was simply a runner and a drug addict

would be insufficient.[4] Doc. 3 at 6. There is no evidence that he was substantially less culpable than any other participant, much less the average participant.

In his third and fourth grounds, movant argues that he received ineffective assistance of counsel because his attorney failed to properly argue that the two-point enhancement for possession of a firearm should not have been applied. Movant argues about whether Hawkins made a particular statement regarding his possession of a gun during the timeframe of the conspiracy. But whether Hawkins said that movant carried a gun generally or during a particular time period, another coconspirator observed movant in possession of a firearm on three separate occasions. CR Doc. 181 ¶ 11. Implicit in that statement is that the possession occurred during the course of the conspiracy. Movant's counsel did argue that Hawkins was not reliable, but again, disregarding the statement does not mean that the enhancement would not have applied. As the court observed, there was no contrary evidence to show that movant did not carry a handgun. CR Doc. 263 at 48. During the continued sentencing hearing, the court gave movant an opportunity to present evidence to support his contention that the gun

---

[4] The record reflects that movant was a participant in the drug conspiracy from April 2014 through November 2016. CR Doc. 181 ¶ 7; CR Doc. 154 at 2. That he was in jail part of that time does not change the analysis.

enhancement should not apply, but movant chose not to testify. CR Doc. 279 at 5-7. Movant has not shown that his attorney was ineffective.

V.

Order

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED August 4, 2020.

JOHN McBRYDE
United States District Judge

10